IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

LEE RICCIARDI,

    Plaintiff,

v.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC,

    Defendant.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, LEE RICCIARDI ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Pinellas, and City of Pinellas Park.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC, ("Defendant") or ("RPM") is a limited liability company who at all relevant times was engaged,

by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Beginning in or around June 2010, Defendant's collection representatives began contacting Plaintiff for an alleged debt he does not owe, and continue to contact him despite being unequivocally informed of same.

12. In addition, even assuming *arguendo* that Plaintiff were to obligated to repay any amount, Defendant has nearly tripled the alleged amount due over a matter of three months.

13. Despite the fact that Defendant has been made aware that Plaintiff does not owe the underlying alleged debt, Defendant continues to make numerous and excessive calls to Plaintiff in connection with the collection of an alleged debt with the intent to harass Plaintiff.

14. On or about August 7th, 2010, Defendant's collection agent, "Adrian," became belligerent with Plaintiff when asked to stop calling because the alleged debt was not valid and said, "Well we'll keep calling you until you pay it!"

15. Defendant has completely failed to provide Plaintiff with any written notification whatsoever tending to advise him of his right to dispute the alleged debt, or any portion thereof, and to demand validation of same within the required statutory time frame.

16. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

18. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

20. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

22. Defendant violated 15 U.S.C. § 1692d(2) by using language, in connection with collection of a debt, the natural consequence of which was to abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(2);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

23.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

24.    Defendant violated 15 U.S.C. § 1692g(a) by Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA**
**AGAINST RPM**

25. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-16 of this complaint.

26. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully engaged in conduct which could reasonably be expected to abuse or harass the Plaintiff.

27. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LEE RICCIARDI, by and through his attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Emotional and/or mental anguish damages;

   c. Statutory damages of $1,000.00;

   d. Plaintiff's attorneys' fees and costs;

   e. Any other relief deemed appropriate by this Honorable Court.

**COUNT VI**
**VIOLATIONS OF THE SECTION 559.72(8) OF THE FCCPA**
**AGAINST RPM**

28. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-16 of this complaint.

29. Defendant violated §559.72(8) of the Florida Consumer Collection Practices Act by using profane, obscene, vulgar, or willfully abusive language in communication with the debtor or any member of his or her family.

30. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LEE RICCIARDI, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

**TRIAL BY JURY**

31. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 14th day of October, 2010.

Respectfully submitted,
**LEE RICCIARDI**

By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com